IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EDDIE MCDONALD                                                                    PLAINTIFF

V.                                      CIVIL NO. 4:11-cv-04104

SCOTT LILLIS,
*Corporal, Miller County Detention Center*
MARTY BRAZZEL,
*Warden, Miller County Detention Center*
RON STOVALL
*Sheriff, Miller County, Arkansas*                                               DEFENDANTS

## ORDER

        This is a civil rights action filed by Plaintiff, Eddie McDonald, pursuant to the provisions

of 42 U.S.C. § 1983 (1996).  Plaintiff proceeds *pro se* and *in forma pauperis*.  The Parties have

consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case,

including conducting the trial, ordering the entry of a final judgment, and conducting all post-

judgment proceedings.  ECF No. 13.

        Currently before the Court is Defendants' Motion for Summary Judgment (ECF No. 24);

Brief in Support of Motion for Summary Judgment (ECF No. 25); and Statement of Facts (ECF

No. 26).  Plaintiff filed a Response to the Motion for Summary Judgment utilizing a questionnaire

from the Court.  ECF No. 31.  Defendants have not replied, and their time to reply has passed.

*See* Local Rule 7.2(b).  After careful consideration of the briefing, the undersigned enters the

following Order.

## I.      BACKGROUND

        The events that are the subject of this lawsuit occurred when Plaintiff was being detained

1

at the Miller County Detention Center in June of 2011.  ECF No. 2; ECF No. 26 ¶ 1.  Plaintiff is currently incarcerated in the Arkansas Department of Corrections Grimes Unit in Newport, Arkansas.  ECF No. 2.

On October 21, 2011, Plaintiff filed the instant Complaint.  ECF No. 2.  In his Complaint, Plaintiff alleges his constitutional rights were violated when Defendant Lillis used excessive force against him on June 23, 2011 while he was being held in the Miller County Detention Center in Texarkana, Arkansas.  ECF No. 2, p. 10; ECF No. 26 ¶ 2.  Apart the events on June 23, 2011, Plaintiff does not claim he and Defendant Lillis had any other altercations.  ECF No. 31 ¶ 4. In addition to his claims against Defendant Lillis, Plaintiff also claims his constitutional rights were violated by Defendants Brazzel and Stovall because they enforced an "unconstitutional policy, custom, of [or] official action resulting in physical injury."[1]  ECF No. 2, p. 10.  Plaintiff has brought this action against Defendants in both their official and individual capacities. ECF No. 2, p. 2.  With Plaintiff's Complaint, he has attached fourteen (14) different witness statements in support of his allegations.  ECF No. 2, pp. 13-31.

Based upon his Complaint, it appears there were actually two separate altercations that both occurred on June 23, 2011.  First, Plaintiff claims he was subject to excessive force when he was not handcuffed and was in the Max A Common Area.  Specifically, Plaintiff claims this altercation began when he claims he was denied water during a "pill call" and was directed to take his six medications without water.  ECF No. 2 ¶ 9.  Because he was upset he had been denied water,

---

[1] Plaintiff actually claims the Miller County Detention Center followed this unconstitutional policy, custom, or official action and not Defendant Stovall.  ECF No. 2.  However, the Miller County Detention Center is not a person subject to suit under 42 U.S.C. § 1983.  ECF No. 6.  Accordingly, Defendant Stovall has been substituted for the Miller County Detention Center.  *Id.*

Plaintiff claims he requested that a "higher ranking official" be notified.  ECF No. 2 ¶¶ 11, 13. Plaintiff claims this angered Defendant Lillis, and Defendant Lillis then aggressively shoved him and pinned his arm behind his back.  ECF No. 2 ¶ 13.  Plaintiff claims that "out of fear for his health and safety," he then "spun around and push[ed] [Defendant] Lillis off him causing [Defendant] Lillis to hit the floor."  *Id.*  Plaintiff claims Defendant Lillis then "pulled out an adjustable nightstick and attacked" him again.  *Id.*  Plaintiff claims he submitted to Defendant Lillis on his own, put his hands behind his back, and faced the wall.  *Id.*  Plaintiff claims Defendant Lillis then "horse-collared" him so that he fell chest and face first, which caused severe pain to his face.  *Id.*  Plaintiff claims he was then handcuffed behind his back.  *Id.*

Second, Plaintiff alleges excessive force after he was handcuffed and taken into a hallway outside the Max A Common Area.  ECF No. 2 ¶ 13.  He claims that once he was handcuffed, he was led into the hallway and was then "aggressively and forcibly shoved" face-first into two different doorways.  *Id.*  Plaintiff also claimed he was "kicked" in the leg and chocked down, all while he was handcuffed.  *Id.*  Plaintiff claims he was then picked back up and "forcible shoved" into the door again.  *Id.*  Plaintiff claims that as a result of these injuries, he was unconscious for two to three minutes and suffered a knot on his head.  *Id.*  Plaintiff claims Defendant Lillis then called for back up, and Plaintiff was examined but was not seen by a nurse.  ECF No. 2 ¶ 14.

Plaintiff also claims the day after this incident, Defendant Brazzel reviewed the video of the event and investigated Plaintiff's allegations.  ECF No. 2 ¶ 15.  During the investigation, the Miller County Detention Center "staff" took pictures of his face and leg, and after the investigation had been completed, he was given a trustee job in the kitchen.  *Id.*  Plaintiff claims that because of these events, Defendants Brazzel and Stovall are also liable for the actions of Defendant Lillis.

*Id.*

## II.    LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III.    DISCUSSION

In their Motion for Summary Judgment, Defendants argue: (A)  Plaintiff's official capacity claims against Defendants should be dismissed because there is no evidence this alleged constitutional violation was the result of a "governmental custom or policy"; (B) Plaintiff has no

basis for his separate claims against Defendants Brazzel and Stovall because neither are liable under the facts in this case for the alleged actions of Defendant Lillis; and (C) Plaintiff has not demonstrated there a fact issue as to whether Defendant Lillis used excessive force against him. ECF No. 25. The Court will address each of Defendants' arguments.

### A.   OFFICIAL CAPACITY CLAIMS

Plaintiff claims Defendants violated his constitutional rights in their official capacities by Defendant Lillis's use of excessive force against him on June 23, 2011.  ECF No. 2 ¶ 12.  Plaintiff claims Defendant Lillis's actions in taking this matter into his "own hands" and injuring him was the result of a "policy, custom, or official action" of the Miller County Detention Center.  *Id.* Plaintiff's only evidence that this is a "policy, custom, or official action" is his bare claim that he saw Defendant Lillis use excessive force three months prior to the incident in question.  ECF No. 25-3, p. 16.  Additionally, Plaintiff claims the other inmates reported Defendant Lillis had used excessive force in the past.  *Id.*

Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both.  In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits.  As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available.  *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).  Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; *they require proof that a policy or custom of the entity violated the plaintiff's rights*, and the only type of immunity available is one belonging to the entity itself.  *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991).  Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity

5

may be raised as a defense.  *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir.1998) (emphasis added).  The proof of a "policy or custom" requires more than a single incident.  *See Oklahoma City v. Tuttle,* 471 U.S. 808, 811 (1985).

In the present action, Plaintiff has failed to provide evidence of any policy, custom, or official action by the Miller County Detention Center that would cause Defendants to be liable in their official capacities.  Indeed, apart from his bare claim that he and other inmates saw Defendant Lillis use excessive force at other times, there is not even an indication in the record that this was anything other than a single, isolated incident.  Accordingly, without summary judgment evidence demonstrating this action was taken pursuant to a policy, custom, or official action, Defendants are not liable in their official capacities.  *See Gorman,* 152 F.3rd at 914.  Thus, Defendants' Motion for Summary Judgment as to Plaintiff's official capacity claims is **GRANTED.**

## B.  INDIVIDUAL CAPACITY CLAIMS:  DEFENDANTS BRAZZEL AND STOVALL

Defendants claim the individual capacity claims against Defendants Brazzel and Stovall should be dismissed.  ECF No. 25, p. 7.  Plaintiff alleges Defendants Brazzel and Stovall are liable in their individual capacities because they did not respond to the June 23, 2011 in an acceptable manner.  ECF No. 2 ¶ 15;  ECF No. 31 ¶ 3;  ECF No. 25-3, p. 13-14.  Specifically, Plaintiff claims that "[b]oth the Defendants knew of what went on [during the incident in question] and never did report it."  ECF No. 31 ¶ 3;

Under Section 1983, an official can only be held liable for his own conduct and cannot be held liable for the misconduct of a subordinate official under the theory of *respondeat superior.  See Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010).  "A general responsibility for supervising the

operations of a prison is insufficient to establish the personal involvement required to support liability." *Keeper v. King,* 130 F.3d 1309, 1314 (8th Cir. 1997) (citation omitted). *See also Rode v. Dellarciprete,* 845 F.2d 1195, 1208 (3rd Cir. 1988) (holding participation in an after-the-fact review of a grievance is not sufficient to establish personal involvement in the grieved incident).

In the present action, Plaintiff does not dispute Defendant Lillis is the only Defendant who allegedly used excessive force against him.  ECF No. 31 ¶ 3;  ECF No. 25-3, p. 13-14.  As noted above, Defendants Brazzel and Stovall are not vicariously liable for the conduct of their subordinate Defendant Lillis.  *See Langford,* 614 F.3d at 460.  Further, their alleged after-the-fact review of Defendant Lillis's conduct does not subject them to liability. *See Keeper,* 130 F.3d at 1314.  Finally, it is also important to note that Plaintiff has not provided any evidence demonstrating this is a case where Defendants Brazzel and Stovall *knew* at the time of the events in question that Defendant Lillis was allegedly using excessive force. *See, e.g., Livers v. Schenck,* 700 F.3d 340, 360 (8th Cir. 2012) (holding "[a] law enforcement officer who knows another officer is using excessive force has a duty to intervene").  Accordingly, Defendants' Motion for summary judgment as to the individual capacity claims against Defendants Brazzel and Stovall is **GRANTED.**

### C.   INDIVIDUAL CAPACITY CLAIM: DEFENDANT LILLIS

Plaintiff alleges Defendant Lillis used excessive force against him on June 23, 2011, and he is liable in his individual capacity.  ECF No. 2.  As outlined in further detail above, Plaintiff claims this excessive force included being denied water when taking his medication, attacked with a baton, aggressively shoved, "horse-collared" onto the ground, and pushed into two different doors. *Id.*  In response, Defendants argue Defendant Lillis's conduct was objectively reasonable under the circumstances.  ECF No. 25 at 7-9.  As such, his conduct does not qualify as "excessive force."

*Id.*

In evaluating an excessive force claim under the Eighth Amendment, the relevant inquiry is whether the force used was applied in a good-faith effort to maintain or restore discipline or was used to maliciously and sadistically cause harm.  *See U.S. v. Miller,* 477 F.3d 644, 647 (8th Cir. 2007).  In deciding whether a particular use of force was reasonable, the Court is required to consider whether there was an objective need for force, the relationship between the need and the amount of force used, the threat reasonably perceived by correctional officers, the efforts by the officers to temper the severity of the forceful response, and the extent of the inmate's injuries.  *See Johnson v. Hamilton,* 452 F.3d 967, 972 (8th Cir. 2006) (citation omitted).

As noted above, there are two different alleged incidents from June 23, 2011 wherein Plaintiff claims Defendant Lillis used excessive force.  ECF No. 2 ¶ 13.  In the first incident, Plaintiff was not handcuffed and engaged in a "scuffle" with Defendant Lillis while in the Max A Common Area.  *Id.*  The second incident took place in the hallway outside the Max A Common Area and occurred while Plaintiff was handcuffed.  *Id.*  There is a surveillance videotape of both altercations, and this videotape has been submitted in support of the Motion for Summary Judgment.  ECF No. 25-2.  The Court has reviewed this videotape.

Based upon this videotape, it appears that during this first altercation, Plaintiff approached Defendant Lillis while Defendant Lillis was placing an inmate in his cell.  ECF No. 25-2 (5:25 in the video).  The videotape has no sound, but it appears the two were having a discussion.  *Id.*  The argument evidently became heated, and Defendant Lillis aggressively approached Plaintiff.  *Id.*  Plaintiff and Defendant Lillis engaged in a brief scuffle.  *Id.*  Plaintiff then forcefully threw Defendant Lillis onto the ground.  *Id.*  Defendant Lillis recovered, appeared to remove a set of

handcuffs, and attempted to place them on Plaintiff.  *Id.*  After he was able to handcuff Plaintiff, he walked him outside of the Max A Common Area.  *Id.*  The time from the beginning of this altercation until the end was approximately one minute.  *Id.* (6:29 in the video).

Thereafter, during the second altercation, Plaintiff was escorted from the Max A Common Area out into the hallway.  ECF No. 25-2 (33:51 in the video).  Plaintiff was handcuffed.  *Id.* Upon entering the hallway and out of the Max A Common Area, it appears Defendant Lillis and Plaintiff were still engaged in an argument.  *Id.*  Defendant Lillis then shoved Plaintiff against a door twice, and Defendant Lillis forced Plaintiff to the ground.  *Id.*  At that point, Plaintiff was on the ground and handcuffed, and Defendant Lillis called for backup.  *Id.*

In this case, based upon the videotape, it is unclear whether the actions of Defendant Lillis qualify as excessive force under the standard outlined above.  Indeed, the videotape submitted to this Court does not provide the sound, and it is unclear what statements were made between Plaintiff and Defendant Lillis.  This is especially true during the second altercation when Plaintiff, while in handcuffs and away from the other prisoners, was shoved into the doorway two different times and then thrown to the ground.  ECF No. 25-2 (33:43 in the video).  Defendant Lillis claims he took these actions because Plaintiff was being verbally abusive and was attempting to "pull away" from him.  ECF No. 25-1, p. 2.  Plaintiff contests that claim, and as noted above, the videotape is unclear.  Accordingly, because of this dispute, there is a triable fact issue as to whether Defendant Lillis used excessive force against Plaintiff, and Defendants' Motion for Summary Judgment as to the individual capacity claim against Defendant Lillis is **DENIED.**

## IV.    CONCLUSION

For the reasons stated, Defendants' Motion for Summary Judgment (ECF No. 24) is

**GRANTED** as to the official capacity claims against Defendants Lillis, Brazzel, and Stovall and is **GRANTED** as to the individual capacity claims against Defendants Brazzel and Stovall. Further, this Motion is **DENIED** as to the individual capacity claim against Defendant Lillis.

**DATED** this **27th day of February 2013.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE